### FOGARTY v. FOGARTY.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

1. MORTGAGES (§ 619*)—ACTIONS TO DECLARE DEEDS MORTGAGES—ACCOUNTING.
    The evidence in an action to have conveyances of property, absolute in form, declared mortgages. and for a reconveyance, showing that they were so made to secure loans made by defendant, and that plaintiff is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entitled to a reconveyance on payment of the loans with interest, an accounting of moneys loaned and repaid, and of moneys received by defendant from the properties, is properly ordered.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1851; Dec. Dig. § 619.*]

2. JUDGMENT (§ 248*)—ON TRIAL OF ISSUES—PLEADING.

A binding adjudication as to matters to which there is no reference in the pleadings may not be made over defendant's objection.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 434; Dec. Dig. § 248.*]

Appeal from Special Term, New York County.

Action by Patrick A. Fogarty against William P. Fogarty. From a judgment for plaintiff on a decision after trial, defendant appeals. Modified and affirmed.

See, also, 128 App. Div. 272, 275, 112 N. Y. Supp. 742, 744.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Eugene Frayer, for appellant.

Edward W. S. Johnston, for respondent.

PER CURIAM.　We are entirely satisfied with the conclusion reached by the trial court that the conveyances, assignments, and bill of sale were given to secure the payment of plaintiff's indebtedness for moneys theretofore loaned to him or others, the payment of which he had assumed, or thereafter to be loaned to him by the defendant individually or as agent of the plaintiff and others, and that the plaintiff is entitled to have such property reconveyed and retransferred on payment of the sums loaned with interest.　And for the purpose of ascertaining what amount, if anything, is now due, the court properly directed an accounting of the moneys loaned by the defendant to the plaintiff, the amounts repaid, and also the moneys received by the defendant from the property conveyed and transferred to him by the plaintiff, including that from the business of the two liquor saloons located respectively at the southeast corner of Ninth avenue and Seventeenth street and No. 14 Spring street, and the O'Reilly property at 215 West Seventeenth street.

As to who constituted the firm of Tuttle, Fogarty & Co., and P. A. Fogarty & Co., or the accounts of such firms were issues not before the court.　There is not a reference in the pleadings to such subjects, and the court could not, against defendant's objection, make a binding adjudication as to such firms or direct them to account.　And the same is equally true as to the property located at 423 West street, N. Y., and the alleged agreement as to the division of profits of the business there carried on.　The findings as to all of such matters were irrelevant and must be disregarded, and the judgment modified by striking from it any and all adjudication or reference to such subjects.

The judgment is, therefore, modified as indicated in the foregoing memorandum, and as thus modified affirmed, without costs to either party.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes